UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND E. PEYTON,<br><br>          Plaintiff,<br><br>     v.<br><br>B. CATES,<br><br>          Defendant. | Case No. 1:21-cv-00740-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1 & 5)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

**I.    BACKGROUND**

Raymond Peyton ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on May 7, 2021. (ECF No. 1). On June 2, 2021, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 5). The Court gave Plaintiff thirty days from the date of service of the order to file an amended complaint or to notify the Court that he wants to stand on his complaint. (Id. at 12). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (Id.).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons described below, the

Court will recommend that Plaintiff's case be dismissed for failure to state a claim.  The Court will also recommend that Plaintiff's case be dismissed for failure to comply with a court order and failure to prosecute.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## III.  SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff alleges as follows in his complaint:

Plaintiff has been incarcerated in the California penal system since September 14, 2007.  Since 2006, the overcrowding has been declared an emergency.

From the first day Plaintiff set foot in a state prison, he has suffered an unauthorized sentence because of the additional punishment of overcrowding being added to his sentence. The Supreme Court determined in <u>Brown v. Plata</u>, 131 S. Ct. 1910 (2011), that California's overcrowded state facilities violated the Eighth Amendment rights of all California inmates.

In sentencing Plaintiff to the additional unconstitutional punishment, the judge, as a state actor with the required knowledge of prison overcrowding, violated the Separation of Powers Act and his sworn duty to uphold the Constitution.

To ameliorate the violation of the Eighth Amendment, the Supreme Court determined in <u>Plata</u> that California must reduce its maximum prison population to 137.5% of capacity from the high of 190% that it was when Plaintiff entered the system.

As of December 2019, California claims that it is 2,000 beds below the mandated maximum. However, even it was accurate in its figures, the fact remains that Plaintiff's sentence was rendered unauthorized, and Plaintiff should be released.

Additionally, a closer look at the statistics reveals California's deceit. 100% of capacity in the state's thirty-three facilities would be 93,818 inmates, or one inmate per cell. The federal mandate of 137.5% would be 129,000 inmates. California claims a total of 127,000 inmates presently. However, many are housed in county jails and not counted in state figures. Others are being held in private/contract prisons and ignored in the total.

Additionally, Governor Newsom is returning many private/contract inmates to California to save money. This will only further exacerbate the problem, especially given the proposed closure of the dilapidated facility at Norco in Southern California.

Because of his incarceration, Plaintiff has had to work for no wages in prison jobs when he is not rightfully incarcerated. This is the very definition of "peonage/slavery."

Plaintiff states that he can provide pages of acts by inmates and staff that are directly and indirectly attributable to the unconstitutional and illegal overcrowding. Plaintiff has already endured three incidents to date.

The complaint also includes legal citations and legal arguments.

Among other things, Plaintiff asks for damages and immediate release from prison.

The only defendant listed in the complaint is W.J. Sullivan, the Warden of California Correctional Institution. However, it appears that "Sullivan was no longer the warden of California Correctional Institution at the time of attempted service of the Complaint. On February 5, 2021, the [State] Court ordered the Complaint to be served on B. Cates, the acting warden of CCI." (ECF No. 1, p. 1 n.11). Thus, it appears that Warden B. Cates was substituted into this case in place of Warden Sullivan.

**IV.   ANALYSIS OF PLAINTIFF'S COMPLAINT**

  A.   Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite

causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

    A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

    Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged.  Iqbal, 556 U.S. at 676-77; Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," Hansen, 885 F.2d at 646 (citations and internal quotation marks omitted).

    For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a

reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. Challenge to Sentence

It appears that Plaintiff's complaint is largely (if not entirely) dedicated to challenging his sentence. Plaintiff appears to allege that his sentence was "unauthorized" because he was sentenced to the unconstitutional punishment of overcrowding.

To the extent that Plaintiff is challenging his sentence, his claim(s) are barred for several reasons.

#### 1. *Habeas Proceedings and the Favorable Termination Rule*

Plaintiff's challenge to his sentence is barred by the favorable termination rule.

"[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citations and internal quotation marks omitted).

In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-751 (2004). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

#### 2. *Statute of Limitations*

Plaintiff's challenge to his sentence is barred by the statute of limitations.

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. Additionally, California Code of Civil Procedure § 352.1(a) provides: "If a person entitled to bring an action … is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

Thus, assuming Plaintiff is not serving a life sentence, Plaintiff had four years from the date the cause of action accrued to bring his claim(s). However, according to Plaintiff, he has been incarcerated since September 14, 2007, and has been subjected to overcrowding since day one. Thus, the statute of limitations ran almost ten years ago. While the statute of limitations can be tolled for various reasons, there is no indication that Plaintiff is entitled to almost ten years of tolling. Accordingly, Plaintiff's claims are barred by the statute of limitations.

### 3. *Judicial Immunity*

To the extent Plaintiff is bringing a claim against the judge who sentenced him, the claims are barred by judicial immunity.

"It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley, 80 U.S. at 351).

There is a "distinction between lack of jurisdiction and excess of jurisdiction," Stump, 435 U.S. at 357 n.7, as illustrated by the following example:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would

>merely be acting in excess of his jurisdiction and would be immune.

Stump, 435 U.S. at 357 n.7 (citing Bradley, 80 U.S. at 352).

Here, Plaintiff is complaining about the sentence he received from a judge. There are no allegations suggesting that the judge was acting in the clear absence of all jurisdiction. Accordingly, Plaintiff's claim against the judge who sentenced him is barred by judicial immunity.

### 4. *Brown v. Plata*

Finally, to the extent Plaintiff is asking for immediate release based on the decision in Brown v. Plata, the Court notes that "a remedial court order, standing alone, cannot serve as the basis for liability under 42 U.S.C. § 1983 because such orders do not create rights, privileges or immunities secured by the Constitution and laws of the United States. Thus, *Plata* by itself does not provide any substantive right on which plaintiff can rely…." Thomas v. Alameda County, 2015 WL 1201290, at *3 (N.D. Cal. Mar. 16, 2015) (citation and internal quotation marks omitted). See also Peyton v. Brown, 584 F. App'x 603, 604 (9th Cir. 2014) ("[T]he decision in *Brown v. Plata*, ⸺ U.S. ⸺, 131 S.Ct. 1910, 1946–47, 179 L.Ed.2d 969 (2011), requiring the State of California to reduce prison overcrowding to improve mental health and medical services to inmates, does not give [Plaintiff] cognizable claims for immediate or temporary supervised release merely because he also alleges deprivations arising from prison overcrowding.").

### C. Conditions of Confinement

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v. Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."

Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff fails to state an Eighth Amendment conditions of confinement claim because he has not adequately alleged that anyone knew of and disregarded an excessive risk to his health or safety. While Plaintiff alleges there is overcrowding generally, Plaintiff has not sufficiently alleged that he has been subjected to overcrowding. Moreover, while Plaintiff states that he can provide pages of acts by inmates and staff that are directly and indirectly attributable to the overcrowding, and that he has already endured three incidents to date, Plaintiff does not allege what these acts are or what incidents he has already endured.

### D. Prisoner Release Orders

Finally, while not specified in the complaint, it appears that Plaintiff may be seeking a prisoner release order.

Requests for prospective relief are limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find that the "relief [sought] is

narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." As to requests for a release order, the PLRA provides:

> **(3) Prisoner release order.--(A)** In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless--
>
>> **(i)** a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and
>>
>> **(ii)** the defendant has had a reasonable amount of time to comply with the previous court orders.
>
> **(B)** In any civil action in Federal court with respect to prison conditions, a prisoner release order shall be entered only by a three-judge court in accordance with section 2284 of title 28, if the requirements of subparagraph (E) have been met.
>
> **(C)** A party seeking a prisoner release order in Federal court shall file with any request for such relief, a request for a three-judge court and materials sufficient to demonstrate that the requirements of subparagraph (A) have been met.
>
> **(D)** If the requirements under subparagraph (A) have been met, a Federal judge before whom a civil action with respect to prison conditions is pending who believes that a prison release order should be considered may sua sponte request the convening of a three-judge court to determine whether a prisoner release order should be entered.
>
> **(E)** The three-judge court shall enter a prisoner release order only if the court finds by clear and convincing evidence that--
>
>> **(i)** crowding is the primary cause of the violation of a Federal right; and
>>
>> **(ii)** no other relief will remedy the violation of the Federal right.
>
> **(F)** Any State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief.

18 U.S.C. § 3626(a)(3).

Here, Plaintiff has not submitted materials showing, or even sufficiently alleged, that a

court previously entered an order for less intrusive relief that failed to remedy the deprivation of the federal right sought to be remedied through a release order. Accordingly, Plaintiff is not entitled to a prisoner release order.

V. **FAILURE TO PROSECUTE AND COMPLY**

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce

resources.  Considering Plaintiff's incarceration, it appears that monetary sanctions are of little use.  And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  Id.

After weighing the factors, the Court finds that dismissal is appropriate.

### VI. RECOMMENDATIONS AND ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed for failure to state a claim, failure to prosecute, and failure to comply with a court order;[1] and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.
IT IS SO ORDERED.

Dated: **July 29, 2021**       /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that this dismissal is without prejudice to Plaintiff filing a habeas petition to challenge his sentence.  The Court takes no position on the merits of any such petition.